**Ryan RAND, aka Ryan D. Rand Petitioner/Appellant,**

v.

**P.L. KERMAN, Warden, Respondent/Appellee.**

No. 02–15051.
D.C. No. CV–97–20028 EAI.

United States Court of Appeals, Ninth Circuit.

Submitted Feb. 13, 2003.*

Decided Feb. 20, 2003.

---

\* This panel unanimously finds this case suitable for decision without oral argument. *See*  Fed. R.App. P. 34(a)(2).

Before SILVERMAN and GOULD, Circuit Judges and SEDWICK,** Chief District Judge.

## MEMORANDUM***

Ryan Rand ("Rand") appeals the district court's denial of his petition for writ of habeas corpus. Ryan was convicted of murder and robbery in California state court. After his convictions were affirmed on appeal in state court, he sought federal habeas relief on the grounds, *inter alia,* that various alleged errors in the jury instructions deprived him of due process. Habeas relief is not available unless the underlying state court decision was contrary to or an unreasonable application of clearly established federal law as determined by the Supreme Court. *Early v. Packer,* 537 U.S. 3, 123 S.Ct. 362, 366, 154 L.Ed.2d 263 (2002). We review *de novo* the decision to grant or deny a 28 U.S.C. § 2254 habeas petition. *See Benn v. Lambert,* 283 F.3d 1040, 1051 (9th Cir.2002). Alleged errors in state court jury instructions do not provide a basis for federal habeas relief unless the instructions infect the entire trial to such an extent that due process has been denied. *Estelle v. McGuire,* 502 U.S. 62, 72, 112 S.Ct. 475, 116 L.Ed.2d 385 (1991). We have jurisdiction pursuant to 28 U.S.C. § 2253.

Rand contends that his due process rights were violated because the trial court's aiding and abetting jury instructions did not adequately advise the jury that it was necessary for his alleged aiding

** The Honorable John W. Sedwick, Chief United States District Judge for the District of Alaska, sitting by designation.

*** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

and abetting of the robbery to have occurred prior to the victim's death. CALJIC 3.01 clearly directs the jury that an "intent or purpose of committing, encouraging or facilitating the commission of the crime" is required for a person to aid or abet the commission or attempted commission of a crime (emphasis added). Moreover, the instruction states that mere presence without assisting in the commission of a crime is insufficient. The jury was also instructed as to the lesser offense of accessory. The prosecutor and defense counsel explained aiding and abetting to the jury and emphasized that if the defendants did not previously agree to engage in the robbery or the killing, the non-killer would only be an accessory. The jury instructions and counsel's arguments to the jury sufficiently explained that the actions constituting aiding and abetting must precede the victim's death.

Rand also contends that the jury instructions permitted the jury to convict him of felony-murder without knowledge that a murder occurred. A defendant's knowledge of an intended criminal act is sufficient to impose liability for that act and for any other reasonably foreseeable offense committed after the defendant had that knowledge. *People v. Montoya*, 7 Cal.4th 1027, 1044, 31 Cal.Rptr.2d 128, 874 P.2d 903 (Cal.1994). Specific intent is not required, only a general intent to encourage and facilitate criminal conduct. *Id.* Rand's knowledge of the intent to commit robbery was sufficient knowledge to impute aider and abetter liability.

Finally, Rand argues that the court erred in its instruction on the theory of conspiracy because it failed to adequately instruct the jury that the conspiracy agreement had to occur prior to the acts constituting a robbery. The sufficiency of jury instructions is "determined by examining the instructions as a whole." *United*

*States v. Mills*, 597 F.2d 693, 697 (9th Cir.1979). Again, the trial court's instructions alerted the jury to the legal elements of conspiracy–specifically that the agreement and the act in furtherance of the conspiracy must not be independent, but rather be the object of the conspiracy or its natural and probable consequence. Rand's due process rights were not violated, and the jury was adequately informed of the necessary elements of the crime.

**AFFIRMED.**